Munoz v. Garland

BIA
Ruehle, IJ
A205 983 097

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

MIZRAIM JAAZIEL BARRIOS MUNOZ,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

20-3403
NAC

_____

FOR PETITIONER: Stephen K. Tills, Esq., Orchard Park, NY.

FOR RESPONDENT: Brian Boynton, Acting Assistant Attorney General; Jonathan Robbins, Senior Litigation

Counsel; Timothy Bo Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mizraim Jaaziel Barrios Munoz, a native and citizen of Guatemala, seeks review of a September 4, 2020, decision of the BIA affirming a June 18, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Barrios Munoz*, No. A 205 983 097 (B.I.A. Sep. 4, 2020), *aff'g* No. A 205 983 097 (Immig. Ct. Buffalo June 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law *de novo*); *Hong Fei Gao v.*

2

*Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard).

As an initial matter, Munoz's argument that his Notice to Appear ("NTA") was insufficient to vest jurisdiction with the agency because it omitted the date of his initial hearing is foreclosed by *Banegas Gomez v. Barr*, in which we held that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), addresses a narrow question regarding the stop-time rule and does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place" or require specification of the time and date of the initial hearing, "at least so long as a notice of hearing specifying this information is later sent to the alien." 922 F.3d 101, 110–12 (2d Cir. 2019); *see also Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) (holding that "*Banegas Gomez* remains good law even after . . . *Niz-Chavez* [*v. Garland*, 141 S. Ct. 1474 (2021)]"). It is undisputed that Munoz received hearing notices with the missing information.

Turning to the merits of the agency's decision, we conclude that substantial evidence supports the agency's adverse credibility determination. "Considering the

totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on" inconsistencies within and between an applicant's statements and other evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The agency reasonably relied on multiple inconsistencies among Munoz's statements and evidence regarding the years when each attack occurred and when the gang first confronted him, whether he was hospitalized after the second attack, and whether the local authorities would protect him. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency also reasonably relied on omissions from Munoz's application. *See Xiu Xia Lin*, 534 F.3d at 167. Munoz's application omitted that he worked as a mechanic at the time of the attacks, that gang members beat him in 2009, and that he had a brother named Wilson who also had been threatened by the gang in Guatemala. The agency was not required to credit Munoz's explanations

4

for the omissions, as they did not resolve the resulting inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).  Although we have cautioned that omissions may be "less probative" of credibility than inconsistencies, the agency did not err in relying on these omissions because Munoz gave inconsistent explanations regarding the omissions. *See Hong Fei Gao*, 891 F.3d at 78 (holding that agency may rely on even non-material omissions, but probative value of omissions is greater where there is resulting inconsistency).[1]

In sum, given the omissions and inconsistencies, substantial evidence supports the agency's adverse

---

[1] We do not rely on the agency's finding that Munoz failed to testify to a March 2012 encounter with the gang because Munoz testified to experiencing threats and his application described this incident as involving only threats.  This error does not require remand given the other bases for the adverse credibility determination. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) (explaining that "we may . . . deem remand futile" where "substantial evidence . . . considered in the aggregate, supports" the adverse credibility determination (internal quotation marks omitted)).

credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court